FILED
2012 Mar-12  PM 04:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANKIE THOMAS ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-00741-LSC |
| | ) | |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION

The Court has for consideration the *pro se* Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2), which was filed in conjunction with a Complaint (Doc. 1).  Congress requires this Court to review the Complaint and dismiss this case, notwithstanding any filing fee, "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  *Pro se* plaintiffs are "subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  While the Court is required to show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action."

*GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). The Federal Rules of Civil Procedure require pleadings that state a claim for relief to contain:

> 1) a *short and plain* statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> 2) a *short and plain* statement of the claim showing that the pleader is entitled to relief; and
> 3) a demand for the relief sought, which may include relief in the alternative or difference types of relief.

Fed. R. Civ. P. 8 (2011) (emphasis added). Rule 8 also requires that "[e]ach allegation be *simple, concise, and direct*." *Id.* (emphasis added). The U.S. Supreme Court has explained that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* Moreover, a plaintiff must make clear what facts support which claims for relief against *each* defendant. "The failure to identify claims with sufficient clarity to enable the defendant[s] to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 Fed. Appx. 368, 371 (11th Cir. 2005) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001)).

Plaintiff's Complaint constitutes an unacceptable "shotgun" pleading that fails to state a claim against any defendant. Plaintiff's Complaint includes eleven "Counts," none of which cite to any specific law or statutory provision. Plaintiff claims that the Court has jurisdiction:

> pursuant to the Constitution for the United States of America found in Article 1 Section 8 Clause 17, Article 4 section 3, Article 4 Section 4, Article 6 Clause 2 & 3, Amendments One, Four, five, six, seven, eight, nine, ten, eleven, thirteen, fourteen, and Article 1 Section 10. This court has further jurisdiction found in Title 42 USC 1983, 1985 and 1986 and Title 28, §§ 1330, 1332, 1391(1), 1441(d), and 1602-1611 known as the Foreign Sovereigns Immunity Act, and Title 18 USC 112, Title 18 USC 241, Title 18 USC 242, Title 18 USC 4, Title 15 USC 4 and the Declaration of Independence.

(Compl. at 2.) It is impossible to ascertain the legal claims being alleged against each defendant, let alone what facts support each of those claims.

Moreover, it appears to the Court that Plaintiff's claims arise from his prosecution and conviction in an Alabama state court. Plaintiff sues the State, the County, Judge David Lichtenstein, the District Attorney's Office, and District Attorney Brandon K. Falls for actions that occurred during, and as a result of, state court hearings. Under the *Rooker-Feldman* doctrine, this Court has no jurisdiction to review the final judgments of state courts. *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). This Court also lacks authority to hear claims whose success hinges on the

conclusion that the state court wrongly decided the issues before it. *Id.*

For these reasons, Plaintiff's motion to proceed *in forma pauperis* is DENIED, and the above-entitled action will be DISMISSED, without prejudice, for failure to state a claim. A separate order will be entered.

Done this 12th day of March 2012.

                                              _____
                                                    L. SCOTT COOGLER
                                     UNITED STATES DISTRICT JUDGE
                                                           139297